***********
After review of the record and documents from the Full Commission file, and listening to the oral arguments of the parties, the Full Commission finds that good grounds exist to remand this matter to the Deputy Commissioner section to gather evidence on the average weekly wage of employees similar to Plaintiff.
 ***********
On February 7, 2007, Plaintiff was working as an over-the-road truck driver when he sustained a compensable injury by accident, thereby aggravating his prior lower back injury at the L4-L5 level of the spine. At the time of Plaintiff's February 7, 2007 work injury, he was the sole employee, shareholder, owner, and operator of Defendant-Employer. In April or May 2005, Plaintiff incorporated his business, upon the advice of his attorney and accountant, in order to shield himself from personal liability for any trucking accidents, and also to reduce the amount he was paying in taxes. Due to Plaintiff's status as the sole employee, shareholder, owner, and *Page 2 
operator of Defendant-Employer, Defendant-Carrier relied upon Plaintiff to report his February 7, 2007 work injury, as well as the wage and earnings information necessary to calculate his average weekly wage.
Defendants accepted the compensability of Plaintiff's February 7, 2007 work injury via a Form 60 dated February 28, 2007, and began providing related medical and indemnity benefits, based upon the wage information provided by Plaintiff. According to the Form 60, Plaintiff reported an average weekly wage of $2,625.00, which would result in annual earnings of $136,500.00. Relying upon Plaintiff's report, Defendants began providing Plaintiff with temporary total disability compensation based upon the maximum compensation rate for 2007, which was $754.00 per week.
On March 1, 2007, Plaintiff filed a Form 18 in which he reported earning of $126,000.00 per year. On March 15, 2007, Plaintiff filed a Form 22 indicating that he earned $126,500.00 during the year immediately preceding his February 7, 2007 work injury. On July 27, 2007, Plaintiff's counsel filed a Form 18 indicating that Plaintiff earned an average weekly wage of $2,500.00, which equals $130,000.00 per year.
After receiving four (4) different accounts of Plaintiff's annual income, and without an additional way to confirm Plaintiff's earnings with Defendant-Employer, Defendant-Carrier served Plaintiff with Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff, and requested Plaintiff's and Defendant-Employer's federal income tax returns. After reviewing Plaintiff's and Defendant-Employer's federal income tax returns, Defendant-Carrier reduced Plaintiff's average weekly wage calculation to $707.15, and subsequently reduced his compensation rate to $471.67 per week, effective March 24, 2008. Also on March 24, 2008, Defendant-Carrier filed a revised Form 60 and Form 62 reflecting this *Page 3 
modification of Plaintiff's average weekly wage and corresponding compensation rate. Defendant-Carrier based this modification upon receipt of Plaintiff's 2006 federal income tax returns reporting a gross income of $36,772.00 for work performed as an over-the road truck driver for Defendant-Employer. In addition, Plaintiff's 2006 federal income tax return also reported compensation of $10,000.00 from Defendant-Employer for his work as an officer of Defendant-Employer. On Defendant-Employer's 2006 S-Corporation federal income tax return, Defendant-Employer reported ordinary business income of $36,772.00, which corresponds with the earnings reported by Plaintiff for his work as an over-the-road truck driver.
Plaintiff only worked for a period of 5.3 weeks in 2007, and therefore his 2007 federal income tax returns are not a relevant or reliable tool to use in the calculation of his average weekly wage. The 2007 federal income tax returns do not indicate Plaintiff's weekly earnings, and list deductions claimed for the entire year. This results in a reported loss, and would not be a reliable predictor of Plaintiff's wages at the time of his February 7, 2007 work injury.
The Deputy Commissioner concluded that due to exceptional circumstances, the most appropriate and fair method of calculating Plaintiff's average weekly wage is to rely upon the 2006 net profits from Defendant-Employer's business, which amounted to $36,772.00, yielding an average weekly wage of $707.15. Further, the Deputy Commissioner concluded that because Plaintiff misrepresented his earnings to Defendant-Carrier by almost $90,000.00, Defendants are entitled to a credit in the amount of $16,572.77, to be applied against future temporary total disability compensation due Plaintiff.
It would appear that methods one (1) through three (3) of N.C. Gen. Stat. § 97-2(5) are not applicable, and would not produce fair and just results to either of the parties in this case. N.C. Gen. Stat. § 97-2(5) (2008); McAninch v. Buncombe CitySchools, 347 N.C. 126, 489 S.E.2d 375 (1997); *Page 4 Liles v. Faulkner Neon Elec. Co.,244 N.C. 653, 94 S.E.2d 790 (1956). Because N.C. Gen. Stat. § 97-2(5) sets forth in order of preference the methods of computing average weekly wages, method five (5) cannot be utilized if method four (4) will produce fair and just results to both parties. Id. Accordingly, the Full Commission is of the opinion that further evidence is needed in order to properly make a determination of the average weekly wage of employees similar to Plaintiff.
Therefore, the Full Commission ORDERS that this matter be remanded to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for the taking of evidence on the average weekly wage of employees similar to Plaintiff. The Deputy Commissioner assigned to this matter will determine, in his or her discretion, whether further deposition testimony is needed.
The Deputy Commissioner shall gather the evidence, order a transcript of the proceedings, and forward such transcript to the Full Commission for review and decision. Upon receipt of the transcript of the remanded proceedings, the Full Commission shall enter an Order setting forth a schedule for briefing and for further oral arguments, if necessary. All correspondence from the parties to the Full Commission concerning this matter shall be directed to Bernadine S. Ballance, Commissioner.
This the ___ day of January 2010.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING: *Page 5 
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER